12525

STATE v. STRICKLAND

(145 S. E., 404)

June, 1927.

*Messrs. Spears, Wood & McMillan,* for appellant,

*Solicitor L. M. Gasque,* and *Messrs. Ford & Suggs,* for respondent,

November 15, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

I do not agree with Mr. Justice Cothran that there should be an affirmance of the judgment in this case. I think a new trial should be granted, and will state briefly my reasons therefor:

On October 31, 1926, the defendant, Strickland, shot and killed one Kirby Ward. He was indicted for murder and tried at the June, 1927, term of the General Sessions Court for Horry County. On trial, the defendant admitted the killing, but claimed he fired the fatal shot in defense of his own life. The jury found him guilty, "with a recommendation to the mercy of the Court," and he now appeals and imputes error.

The testimony offered by the defendant tended to show that, on the day Ward was killed, the automobile in which his three daughters and his sister were riding along the highway was run into from the rear by a car driven in a reckless manner by the deceased and his brother, Onslow Ward, who appeared to be under the influence of liquor; that, following the collision, the young men cursed and abused the young women, and in driving around them again collided with their car and again cursed and abused them; that they proceeded along the highway in the direction in which the women were going, stopped their car so as to block the road, and at that point again cursed and abused them, and made indecent proposals to them; that, in their fright, the young women drove around the car in which the young men were riding, and went home by a circuitous route; that the defendant, on being told what had happened, procured his gun, and, accompanied by a young man named Bryant, went in search of a rural policeman for the purpose of have the Wards arrested before they crossed the State line into North Carolina; that on their way they were hailed or called by some one in a car parked by the roadside; that Strickland went to the parked car and found Kirby Ward, who immediately

drew his pistol, and that the defendant shot him to save his own life.

The State proceeded on the theory, and offered testimony tending to show, that the defendant armed himself with a shotgun and went out in search of the young men who, he had been advised by his daughters, had insulted them, and, having found one of them, Kirby Ward, in a car parked by the roadside, deliberately shot him to death.

The appellant states a number of exceptions, but they are all without merit except the seventh, which I think should be sustained. That part of the Court's charge, objected to by this exception, that "the defendant did not have a right to seek out the deceased on account of some wrong done to members of his family," so narrowed and restricted his right to approach the deceased, in a peaceable manner, and with no intent to take the law into his own hands, for an explanation of the conduct of the deceased toward the defendant's daughters, as, under the issue made by the evidence, to vitally discount the plea of self-defense. I do not think that the language used by the Court in the same connection that "you have no right to take his life on that account" cured the error, or that the charge taken as a whole rendered it harmless. If the jury inferred from the language used, as they may reasonably have done, that the defendant had no right to approach the deceased even in a peaceable manner, to question him with regard to his conduct toward defendant's daughters, his plea of self-defense, under the facts disclosed by the evidence, was practically eliminated.

This opinion, written as a dissent from the opinion of Mr. Justice Cothran, being concurred in by the other Justices, becomes the judgment of the Court, which is that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (dissenting) : The defendant was tried for the alleged murder of one Kirby Ward, before his Honor, Judge Shipp, and a jury; the verdict was "guilty with recommendation to mercy." He has appealed upon exceptions which will be adverted to.

The evidence tends to establish the following facts, the circumstances attending the killing which is admitted by the defendant:

On a Sunday afternoon about 4 o'clock, the three daughters of the defendant, Strickland, accompanied by their aunt, were riding along a public highway in an automobile which belonged to the defendant. The brothers Kirby Ward (the deceased) and Onslow Ward, in an automobile, drove into the highway from a byroad, and ran into the rear of the Strickland car. Abusive language was used by them directed at the ladies in the car. They then, in an apparent effort to pass the Srickland car, ran into the side of it, and continued cursing and abusing the occupants. They then drove ahead of the Strickland car for a distance, and stopped their car, and grossly insulted the girls, threatening violence to them and their father, displaying pistols. The Strickland car was then driven around the Ward car, with considerable speed, by a circuitous route, to the Strickland home, where the aggravating circumstances were related to the father of the girls, the defendant. The girls were greatly excited, unnerved, and weeping. The defendant immediately went into the rear of his filling station, procured a shotgun (single barreled, it appears), placed it in his car, and, with a companion, set out for the rural policeman to have the Wards arrested. At about four miles from his home the defendant approached from the rear a car standing on the right-hand side of the road. It was the car of the Wards which had become disabled or out of gas and was parked by the roadside. The deceased was sitting in the car under the steering wheel. At this point the evidence for the respective parties sharply diverges. The defendant claims that he had not

recognized the car as that of the Wards, and, as he approached it, the occupant gave indication that his car was in distress, and that he alighted from his car, *while it was in motion, and carrying his gun,* to render assistance; that he and the occupant recognized each other; that the deceased, who at that time was the only occupant of the Ward car, immediately with an insulting epithet, drew his pistol, and attempted to shoot; that he (the defendant) was then near enough to strike at the deceased with the muzzle of his gun, which exploded, the load passing through the left hand of the deceased and into his head, causing practically instant death.

The State contended that the evidence showed that the defendant was so incensed by the treatment of his daughters by the Wards that he armed himself, and left his home in his car with the purpose of finding the Wards and avenging the insults by slaying them; that, as he approached the parked car of the Wards, he recognized it, and leaped from his moving car, gun in hand, crossed the road, awoke the sleeping deceased with a prodding of the muzzle of his gun, stepped back, and fired into the defenseless man. There was evidence tending to show that there was on the face of the deceased a round wound or abrasion corresponding with the round muzzle of the gun.

His Honor, Judge Shipp, in a clear and comprehensive charge, presented every phase of the law to which the defendant could possibly have been entitled, most fairly, and with the evidence of a manly sympathy for the defendant under the exasperating circumstances.

It is tedious, but appears to be unavoidable, to consider the several exceptions.

Exception 1. This assigns error in the admission of new matter from witnesses in reply after the defense had closed. This is entirely within the discretion of the presiding Judge, and his ruling will not be disturbed, in the absence of a plain

abuse of that discretion. There is nothing in the case to show such abuse.

Exception 2 and 3. The appellant complains of the following remark of the Solicitor to the jury in his address:

"I have never seen a stronger case of murder than borne out by the facts in this case."

Counsel for the defendant took exception to the remark, at the trial, but it does not appear that there was a request that a ruling thereon be made by the presiding Judge, and none was made.

I think it is at all times indecorous for a prosecuting officer to give his personal opinion as to the merits of the case, but, considering the fact that his whole address is based upon his analysis of the evidence and his conclusions therefrom, the naked expression of his opinion, in concrete form, is not reversible error, unless it be of the character referred to in the following extract from 16 C. J., 908:

" * * * It is generally held to be error for the prosecuting attorney in his argument to the jury, to declare his opinion or belief that defendant is guilty, *in such a manner that the jury may understand such opinion to be based upon something which the prosecutor knows outside the evidence.*"

The remark was made, manifestly by its terms, as based upon the evidence in the case adduced upon the trial, and therefore does not come within the terms of the indicated inhibition.

In *State v. Davis*, 88 S. C., 229, 70 S. E., 811, 34 L. R. A. (N. S.), 295, the Court disapproves of such remarks, though declining in that case to reverse the conviction.

Exception 4. The Judge's charge was this:

"When a person sets up the plea of self-defense the burden is upon him to establish his plea by the greater weight or preponderance of the testimony. In the first place he must convince the jury by the greater weight of the testimony— he must satisfy the jury by the greater weight of the testimony that he was without fault in bringing on the difficulty;

because the law would not allow him to go seek a difficulty, to bring it about and then shield himself under the plea of self-defense."

It is entirely free from any ground of objection.

Exception 5. This exception contains two separate and distinct propositions of law: (1) That if the deceased be shown to have been a man of violent and dangerous reputation, known to the defendant, more prompt and decisive measures of defense are justifiable on the part of the defendant than if he were of a peaceable disposition; (2) that it is not necessary for the defendant to retreat when to do so would increase or will not diminish his peril; that, if it should appear to the defendant, that the attack is made with a settled design and intention of taking his life and of doing him great bodily harm, and that ultimate safety cannot be secured by retreat, the defendant would be justified in advancing upon his assailant and slaying him, if the facts and circumstances were such that they would have induced the same state of mind in any other person of ordinary reason, firmness, and courage.

It would be a sufficient ground for dismissing this exception, that it violates Rule 4, Subd. 6, of this Court:

"Each exception must contain one proposition of law or fact which this Court is asked to review. * * * "

But, aside from this, his Honor, Judge Shipp, gave an entirely satisfactory reason for declining the request as a whole:

"He has asked me to charge you something on the facts. I charge you, Mr. Foreman, that you must try to place yourself in the situation of the defendant, under the same facts and circumstances, surrounding yourself by all the facts and circumstances. If there were any threats, you take that into consideration. A person has a right to act on circumstances from the way they appear to him at the time. You take into consideration all the facts and circumstances. On account of some expressions in the fourth request, I cannot charge

it, because it would be a charge on the facts, and I have practically charged you what he asked me to charge you there."

. Exception 6. I fail to perceive in what respect the charge excepted to was a charge upon the facts or in any wise indicated the impression which the evidence had created upon the mind of the presiding Judge.

Exception 7. I do not think that, taken in connection with the context and the charge as a whole, his Honor, the presiding Judge, intended to circumscribe the right of an individual who has suffered a wrong in his person or family, to call upon the wrongdoer for an explanation, and that, if he does so in a peaceable manner, with no intention of taking the law into his own hands, such approach will not militate against his right of self-defense. In fact there was nothing in the defendant's testimony which suggests any claim on the defendant's part that such was his intention in approaching the deceased; he either approached him, according to Bryant's testimony, to avenge the insults to his daughters, or, according to his own testimony, to assist a stranger in distress. Error should not be predicated as to an hypothesis not suggested by the defendant, or elsewhere in the evidence.

The specifications of error do not really raise this issue; they are plainly without merit.

Exception 8. The transcript shows that the request was allowed, in connection with the general charge, which was entirely proper.

Exception 9. The grounds of the motion for a new trial have been substantially disposed of.

The Court, as the presiding Judge was, is not unmindful of the great exasperation under which the defendant suffered by reason of the treatment received by his young daughters at the hands of the deceased and his brother; but such conduct was not, under the laws of this State, a capital offense or justified the defendant's assuming the rôle of executioner.

Finding no error of law in the proceedings of the Circuit Court, and being of the opinion that the verdict was not without evidence to sustain it, I think that the judgment of this Court should be that the judgment of the Circuit Court be affirmed.